IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOTON TURK, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. |
| v. | : | |
| | : | 21-1262 |
| LINCOLN LIFE ASSURANCE | : | |
| COMPANY OF BOSTON, | : | |
| | : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, MOTON TURK, by and through his attorney, Linda M. Lopez, Esq. of the Law Offices of Eric A. Shore, P.C., as and for his Complaint against Defendant, LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, hereby avers as follows:

## PARTIES

1. Plaintiff, MOTON TURK (hereinafter "Plaintiff"), was and still is a citizen of Pennsylvania, residing at 1028 Pennsylvania Avenue, Clairton, Pennsylvania 15025.

2. Defendant, LINCOLN LIFE ASSURANCE COMPANY OF BOSTON (hereinafter "Defendant"), has corporate headquarters at 150 North Radnor-Chester Road, Radnor, Pennsylvania 19087.

## JURISDICTION

3. Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. §

1331 because this action arises under 29 U.S.C. § 1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4. Venue in the Western District of Pennsylvania is appropriate because Defendant conducts business and is subject to personal jurisdiction in the judicial district and maintains contacts in the judicial district sufficient to subject it to personal jurisdiction.

5. Pursuant to 28 U.S.C. § 1391(a)(1) and § 1391(c), this action is properly venued in the Western District of Pennsylvania.

## FACTS

6. At all times hereinafter mentioned, Plaintiff was employed as an Operations Supervisor for PNC Financial Services Group, and at all times was a participant and/or beneficiary under the Short Term Disability ("STD") and Long Term Disability ("LTD") plans.

7. Plaintiff had a strong work history working for PNC Financial Services Group prior to filing for STD and LTD insurance benefits.

8. The STD and LTD plans are employee welfare benefit plans specifically covered under ERISA, 29 U.S.C. § 1002(2)(A).

9. At all times material herein, Defendant made and/or participated in making all benefits decisions under the STD and LTD plans.

10. During Plaintiff's employment with PNC Financial Services Group, Defendant issued both short and long term group disability income policies (hereinafter the "Policies").

11. At all times hereinafter mentioned, said Policies of insurance were issued for the benefit of certain eligible employees in exchange for the payment of premiums by PNC Financial Services Group and/or its employees.

12. At all times mentioned herein, Plaintiff was and is an employee eligible for short and long term disability benefits as an insured under the Policies.

13. Said Policies provided, among other things, that disability insurance benefit payments will be made to Plaintiff in the event that he becomes disabled as a result of injury or sickness.

14. Plaintiff stopped working on October 20, 2019.

15. Plaintiff applied for STD benefits.

16. By letter dated January 1, 2020, Defendant notified Plaintiff that his claim for STD benefits.

17. Plaintiff submitted a timely written appeal of that adverse determination.

18. On July 15, 2020, Defendant issued a final administrative denial of Plaintiff's claim for STD benefits.

19. Plaintiff also applied for LTD insurance benefits.

20. On July 7, 2021, Defendant notified Plaintiff that his claim for LTD benefits was denied.

21. Plaintiff submitted a timely written appeal of that adverse determination.

22. As of October 20, 2019, Plaintiff's STD and LTD coverage was in full force and effect and Plaintiff was an eligible employee.

23. From October 20, 2019, Plaintiff was been disabled within the meaning and pursuant to the terms of the Policies as he is unable to perform, on a sustained basis, either his own or any reasonable occupation, as that term is defined in the subject Policies.

24. Plaintiff's disability is caused by complications, impairments and symptoms from aural vertigo, right-sided peripheral inner ear weakness, and vestibular dysfunction, with

resultant symptoms of chronic dizzy spells, shortness of breath, chronic migraines, loss of balance, difficulty walking, near fainting spells, and trouble with focus and concentration.

25. Plaintiff cooperated with the Defendant in all respects, provided proper proof of loss in support of his claims, and otherwise complied with the terms and conditions of the Policies regarding the filing and maintenance of the claims.

26. Pursuant to the Policies, Defendant has been obligated to pay periodic payment of monthly short and long term disability benefits to Plaintiff beginning October 20, 2019.

27. Despite Plaintiff's total disability, Defendant has denied STD and LTD insurance benefit payments to Plaintiff, and continues to refuse to pay said benefits pursuant to the Policies, although payment thereof has been duly demanded.

28. Said refusal on the part of the Defendant is a willful and wrongful breach of the Policies' terms and conditions.

29. Defendant afforded little weight to the opinions of Plaintiff's treating physicians who clearly opined that he was unable to work beginning October 20, 2019, due to his disabling conditions and complications from his impairments and medical conditions.

30. Defendant's denial of Plaintiff's disability insurance benefits is unreasonable and unsupported by substantial evidence and, as such, constitutes a breach of fiduciary duty.

31. Defendant's unreasonable and unsupported denial of Plaintiff's disability insurance benefits is evidenced by the number of procedural irregularities in its claim handling, including but not limited to: the failure to consider the impact of Plaintiff's physical and mental conditions and limitations on his ability to perform all of the essential duties of his regular occupation or any occupation; the refusal to consider Plaintiff's credible subjective complaints about his inability to work; the reliance upon a selective review of medical records to reach a

result oriented claim determination; the failure to utilize appropriately qualified and unbiased medical personnel to reach decisions and/or render opinions on levels of impairment; the biased and flawed vocational consideration on Plaintiff's claim; the failure to perform a fair and neutral evaluation of Plaintiff's medical condition and associated restrictions and limitations; and other biased claim handling.

32. Defendant's claim handling resulted in numerous violations of 29 C.F.R. § 2560.503-1 et. seq.

33. Defendant's claim handling failed to provide Plaintiff with a full and fair review of his claim.

34. Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and frustrated Plaintiff from receiving a full and fair review of his claims.

35. Plaintiff has attempted to exhaust all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plans.

36. By reason of the foregoing claims conduct, Defendant failed, by operation of law, to establish and follow reasonable claims procedures that would yield a decision on the merits of his claims pursuant to 29 C.F.R. § 2560.503(1).

37. Because Defendant failed to satisfy the minimal procedural safeguards set forth in 29 C.F.R. § 2560.503(1), Defendant's adverse benefit determination is not entitled to any judicial deference.

38. Defendant willfully failed to comply with ERISA regulations.

39. Plaintiff is entitled to a lump sum payment of STD and LTD benefits from October 20, 2019 through his return to work date, due to Defendant's arbitrary and capricious decision to deny Plaintiff's benefits.

40. Plaintiff is entitled to receive lump sum benefit payments due to Defendant's arbitrary and capricious decision to deny Plaintiff's benefits.

41. Plaintiff is entitled to receive, in addition to the benefits due under the plans of insurance, reimbursement for reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. 1132(g).

**WHEREFORE,** Plaintiff, Moton Turk, demands judgment in his favor and against Defendant together for:

A. Payment of all benefits in arrears due and owing since the denial of benefits, plus interest;

B. Attorneys' fees and costs of suit;

C. Interest and delay damages; and,

D. Any other further relief this Court deems just proper and equitable.

By: *Mary LeMieux-Fillery*
Mary LeMieux-Fillery, Esq.
Attorney I.D. No. 312785
LAW OFFICES OF ERIC A. SHORE, P.C.
1500 JFK Blvd, Suite 1240
Philadelphia, PA 19102
(215) 627-9999
*Attorney for Plaintiff, Moton Turk*

Date: 9/21/2021